IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LEWIS B. TURNER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-340 |
| | § | |
| BRYAN COLLIER, *et al.,* | § | |
| | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Lewis B. Turner, an inmate confined at the Leblanc Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the following defendants: Executive Director Bryan Collier, Board of Pardons & Paroles Chairman David G. Gutierrez, Parole Board Member Brian Long, Parole Division Director Pamela Thielke, Parole General Counsel Bettie L. Wells, Parole Hearing Officer Julie Philips, Warden Aaron J. Thompkins, Warden R. Chambers, CO 3 FNU Hill, SPM of TDCJ E. Delone, SPM of TDCJ J. Womack, Business Manager UTMB Hospital Galveston Christina Moore, Nurse Practitioner Patrick Pruitt, Senior Warden Kevin Belt, Jeunia Pegoda, Practice Manager Rachel Romine, TDCJ Grievance Coordinator B. Thacker, Correctional Officer D. Broussard, UTMB employee C. West, Correctional Officer T. Joseph, Correctional Officer A. Simon, Sgt. Hamilton and Lieutenant Gilder.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

Plaintiff filed his Original Complaint on July 2, 2021, suing seventeen defendants (doc. # 1).[1] Plaintiff moved to amend his complaint on August 9, 2021 (doc. # 8) which was granted on September 8, 2021 (doc. # 12). Plaintiff filed his First Amended Complaint on October 4, 2021, adding four additional defendants (doc. # 18).[2] Plaintiff then filed a Declaration in support of his Original Complaint (doc. # 22). On August 25, 2022, Plaintiff filed a Motion to Amend his complaint for a second time, but did not provide a proposed amended complaint (doc. # 26). Plaintiff's motion was denied, subject to reconsideration upon receipt of a proposed amended complaint (doc. # 27). Plaintiff then filed his Second Amended Complaint on October 5, 2022, adding claims against two additional defendants (doc. # 28).[3]

Factual Background

Plaintiff's claims revolve around the revocation of his parole and his exposure in TDCJ to cigarette smoke, K-2, weed, meth, tattoo ink smoke, and black mold. Plaintiff contends these conditions exacerbate his skin problems, high blood pressure, and asthma and put him at further risk due to his status as HIV positive. Plaintiff alleges the denial of adequate medical care relating to his asthma and severe skin condition and that he was forced to drink contaminated drinking water. In addition, Plaintiff complains TDCJ failed to properly handle the COVID-19 Pandemic which caused him to contract COVID and allegedly induced heart problems. Finally, Plaintiff alleges the denial of access to courts and retaliation.

---

[1] Bryan Collier, David G. Gutierrez, Brian Long, Pamela Thielke, Bettie L. Wells, Julie Philips, Warden Aaron J. Tompkins, Warden R. Chambers, Ms. Hill, E. Delone, J. Womack, Christina Moore, Nurse Practitioner Patrick Pruitt, Senior Warden Kevin Belt, Jeunia Pegoda, Ms. Rachel Romine, and TDCJ Grievance Coordinator B Thacker,

[2] D. Broussard, C. West, T. Joseph, and Officer A. Simon.

[3] Sgt. Hamilton and Lt. Gilder. While Plaintiff incorporated his Original Complaint into his First Amended Complaint, no such language was included in the Second Amendment Complaint. Rather than penalize Plaintiff for this failure, the court liberally construes the three pleadings as one complaint under screening. The undersigned notes further that Plaintiff's Declaration fails to address all the legal claims asserted in his petitions.

Plaintiff sues the defendants in both their individual and official capacities, requests unspecified damages for pain and suffering, mental anguish, and emotional harm and unspecified injunctive relief.

## Standard of Review

28 U.S.C. § 1915A states the following:

(a) Screening.-- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.-- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculation level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. Plaintiffs must state enough facts to "nudge[ ] their claims across the line from conceivable to

plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.,* 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Analysis

*Parole Revocation*

Plaintiff's challenges his parole revocation. More specifically, Plaintiff asserts that but for the wrongful conduct of Defendants Gutierrez, Long, Thielke, Wells, and Phillips, his parole would not have been revoked.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has no federal civil rights action for the revocation of his parole or his current custody until the revocation of his parole and his custody are declared unlawful in the criminal proceedings.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court explained as follows:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated.

Because Plaintiff's allegations imply the invalidity of his parole revocation and because his parole revocation and custody have not been declared unlawful in the criminal proceedings, his civil rights action is barred by *Heck. See Cougle v. County of Desoto, Mississippi*, 303 F. App'x 164 (5th Cir.

2008); *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 160-61 (5th Cir. 1995).

The *Heck* rule also applies to claims for declaratory and injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (noting that *Heck* and *Balisok* "taken together, indicate that a . . . prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). *See also Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998).

A monetary judgment or equitable relief in favor of Plaintiff on the claims asserted herein would necessarily implicate and call into question the validity of Plaintiff's parole revocation and the punishment imposed therein. Plaintiff has failed to demonstrate that a proceeding relating to the duration of his confinement has already been invalidated. Accordingly, to the extent Plaintiff asserts claims for damages relating to this claim, they are barred by *Heck* and are not cognizable under 42 U.S.C. § 1983 at this time. These claims must be dismissed with prejudice for failure to state a cognizable claim. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). Pursuant to the *Younger* abstention doctrine, this court should abstain from exercising jurisdiction over Plaintiff's claims for injunctive relief and they should be dismissed without prejudice. *Id*. at 424 (citing *Alexander v. Ieyoub*, 62 F.3d 709 (5th Cir. 1995)).

*Eighth Amendment Violations*

    1. Official Capacity Claims

Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state, including a state agency. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). The Eleventh Amendment also bars a federal action for monetary damages against state officials when the state itself is the real party in interest. *See Pennhurst State*

*Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984).  A suit against a state official in his or her official capacity is considered a suit against the state itself.  *See Will*, 491 U.S. at 70 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself.") (internal citations omitted).

Texas has not waived its Eleventh Amendment immunity and Congress did not abrogate that immunity when it enacted 42 U.S.C. § 1983.  *See NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  As a result, TDCJ and UTMB are immune from suit and its employees are also entitled to immunity from any claim for monetary damages against them in their official capacity.[4]  *See Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989) (per curiam) ("[TDCJ's] entitlement to immunity under the [E]leventh [A]mendment is clearly established in this circuit."); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity.").  Therefore, the claims against the TDCJ and UTMB defendants in their official capacity must be dismissed for lack of subject matter jurisdiction.

*Individual Capacity Claims*

    2. Supervisory Defendants

The Fifth Circuit has held that supervisory officials are not liable under § 1983 unless "there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987) (citing *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985)).  Supervisory liability can also result if supervisory officials implement a policy so deficient

---

[4] The Eleventh Amendment also precludes claims for injunctive relief against the state or a state agency. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy*, Inc., 506 U.S. 139, 145 (1993) (explaining that the "narrow" exception carved out in *Ex parte Young*, 209 U.S. 123 (1908), applies "only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past . . . and has no application in suits against the States and their agencies, which are barred regardless of the relief sought" (internal citations omitted)).

that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985) (quoting *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). Here again, Plaintiff offers no factual allegations to support the personal involvement of Defendants Collier, Tompkins, Chambers, and Belt, nor does Plaintiff allege a deficient policy.

To the extent Plaintiff is suing these defendants as supervisors, Plaintiff also fails to state a cause of action under 42 U.S.C. § 1983. Section 1983 does not create supervisory or *respondeat superior* liability. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). Moreover, under § 1983, "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins*, 828 F.2d at 303. A supervisor may only be held liable if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Gates v. Tex. Dept' of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

As previously stated, Plaintiff does not allege Defendants Collier, Tompkins, Chambers, and Belt were personally involved in any alleged constitutional violation. Plaintiff also does not allege these Defendants implemented a specific unconstitutional policy that somehow causally resulted in any alleged injury. Plaintiff's claims against these defendants in their individual capacity should be dismissed as there is no respondeat superior theory of liability in a § 1983 action.

3. Non-Supervisory Defendants

Plaintiff asserts that he is suing the defendants under the Eighth Amendment. "'The Supreme Court has held that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Torres v. Livingston*, 972 F.3d 660, 662 (5th Cir. 2020) (quoting *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002)). An Eighth Amendment claim regarding conditions of confinement must meet two requirements: first, the

conditions must have caused an "objectively, sufficiently serious" deprivation, defined as the denial of "the minimal civilized measure of life's necessities." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, prison officials must have acted with "deliberate indifference" to the plaintiff's health or safety, which means that the official knows that the inmate faces a "substantial risk of serious harm" but "disregards that risk by failing to take reasonable measures to abate it." *Id*. at 561 (internal citation and quotation marks omitted).

The official must be subjectively aware of the facts from which the inference could be drawn and must actually draw the inference. *Id*. "'Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.'" *Torres*, 972 F.3d at 663 (quoting *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020)); *see Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015).

Plaintiff's complaints regarding his exposure to environmental toxins and denial of medical care are global in nature, with the exception of two defendants. As to Defendant Broussard, Plaintiff alleges he "disregarded plaintiff's repeated pleas about drinking contaminated water from igloos being dragged on the floors day and night with no procedure of cleaning or sanitizing the igloo, putting plaintiff at risk of contracting [a] bacterial infection." With respect to Defendant West, Plaintiff contends she was a nurse who was "deliberately indifferent to plaintiff's serious medical need by refusing to give plaintiff treatment of diet supplement (osmolite) to take with H.I.V. medication to minimizes [sic] nausea with H.I.V. medicines, as well as lotion and creams prescribed by doctors to treat plaintiff's on going skin disorder." Plaintiff's allegations as to these two defendants, however, are conclusory, fail to allege an actual injury as a result of the alleged constitutional deprivation, and lack any factual support that either defendant inferred a substantial risk of serious harm to plaintiff yet failed to take reasonable measures to abate it. As to the remaining non-supervisory defendants, Plaintiff fails to offer any facts that outline the personal involvement of any of the non-supervisory defendants relating to his complaints about exposure to

environmental toxins while incarcerated with TDCJ or the denial of medical care. Plaintiff's claims against the non-supervisory defendants should be dismissed as frivolous and for failure to state a claim.

*Failure to Process Grievances*

Plaintiff alleges Defendant Thacker has refused to process his grievances because Plaintiff has not attempted informal resolution. Plaintiff asserts this refusal is obstruction of justice and a due process violation. An inmate has no constitutional right to an adequate and effective grievance procedure. *Propes v. Mays*, 169 F. App'x 183, 184–85 (5th Cir. 2006) (citing *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005)). The Constitution also does not create a federally protected liberty interest for prisoners to have their grievances investigated or resolved to their satisfaction. *See Minix v. Stoker*, 289 F. App'x 15, 17 (5th Cir. 2008); *Geiger*, 404 F.3d at 373–74.

Any alleged due process violation arising from an "alleged failure to investigate [prisoner] grievances is indisputably meritless." *Geiger*, 404 F.3d at 374; *see also Taylor v. Cockrell*, 92 F. App'x 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated [the prisoner's] constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."). To the extent Plaintiff claims he was entitled to an investigation and a response, he has no protected due process rights in the handling of his grievances. *See Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (rejecting claim that prison officials' failure to conduct an adequate investigation into his grievance implicated due process concerns "because [appellant] lacks a protected interest in a favorable resolution to his grievances"). He also has no claim against any prison official merely because that official denied his grievance complaints. *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013). Plaintiff simply has no "federally protected liberty interest in having these grievances resolved to his satisfaction." *Geiger*, 404 F.3d at 374; *see Aron v. Green*, No. 14-CV-109, 2014 WL 1917543, at *2 (N.D. Tex. May 12, 2014) ("Denying plaintiff's grievances or failing to resolve them in the manner preferred by plaintiff, is not a violation of plaintiff's constitutional rights."). Plaintiff's claim against Defendant Thacker should be dismissed as frivolous

9

and for failure to state a claim.

*Denial of Access to Courts*

Plaintiff also alleges Defendants Belt and Joseph violated his due process rights because "plaintiff isn't allowed to go to the law library." Plaintiff states he is only allowed to request three books, three times as week and complains he is not learned nor skilled in the law well enough to understand what to ask for in the law library. In a conclusory fashion, Plaintiff states this is a denial of access to courts.

The Constitution guarantees prisoners a right of access to the courts that is "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 822 (1977). The right of access to the courts, however, is not an "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar is some theoretical sense ... [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351; *see also Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) ("[T]he Supreme Court has not extended [the right of access] to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court.").

To prevail on a claim for denial of access to courts, a plaintiff must demonstrate that he lost an actionable claim or was prevented from presenting such a claim due to the alleged denial. *Lewis*, 73 F.3d at 356; *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (finding that to state a sufficient claim of denial of access to courts, a plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). Without demonstrating an actual injury, a plaintiff lacks the standing to pursue a claim of denial of access to courts. *Lewis*, 73 F.3d at 349. A plaintiff must minimally allege that his ability to pursue a nonfrivolous, arguable legal claim was frustrated. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, Plaintiff fails to plausibly allege an actual injury related to his denial of access to courts claim. Despite his complaints about the alleged denial of access to the library, Plaintiff does not allege that he was unable to pursue his legal claims as a result.[5] Critically, he has made many filings in this case, further undermining his denial of access to courts claim. Plaintiff also fails to allege a specific injury resulting from his alleged denial of access to courts. To be entitled to § 1983 relief, an inmate must demonstrate that he was prevented from bringing a "nonfrivolous" and "arguable" legal claim. *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). Plaintiff's claim of denial of access to courts should be dismissed for failure to state a claim and as frivolous.

*Retaliation*

Finally, Plaintiff alleges Defendants Joseph, Tompkins, Hamilton and retaliated against him. Plaintiff states specifically:

> I notified this Honorable Court that officer T. Joseph threw the legal material I had requested from her at me, and after reporting or mentioning the issue to a high ranking official that T. Joseph was retaliating against me for exercising my rights to file complaints and grievances. And because officer T. Joseph would not allow me to come to the law library in retaliation for exercising my Constitutional rights.
>
> Also, I was given a disciplinary case for asking T. Joseph about could I come to the law library, I would send a request to officer T. Joseph 5 or 6 days in a row. But officer T. Joseph denied me entry and Warden A. Tompkins went along with officer T. Joseph's retaliation joined by officers Sgt. Hamilton, and Lt. Gilder by giving me a disciplinary case.

Motion to Amend, pg. 1 (doc. # 28).

To state a valid claim for retaliation under § 1983, a prisoner must allege: 1) a specific constitutional right; 2) the defendant's intent to retaliate against the prisoner for his exercise of that right; 3) a retaliatory adverse act; and 4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir.2006). However, mere conclusory allegations of retaliation are not enough; the plaintiff must allege more than his personal belief that he is the victim of retaliation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). Here, Plaintiff presents only conclusory allegations of retaliation. He has

---

[5] Plaintiff contradicts himself when he states he is unable to go to the library, but then complains about the number of books he is outlined to request access to.

not alleged that each defendant was specifically motivated by retaliation nor alleged a chronology of events from which to infer retaliation. Plaintiff has also failed to put forth any factual allegations that support the element of causation. Plaintiff's claim of retaliation against these defendants should be dismissed as frivolous and for failure to state a claim.

### Recommendation

Plaintiff's claims against all of the defendants in both their individual and official capacities should be dismissed as frivolous and for failure to state a claim under screening.

### Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 24th day of October, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE